IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NIKISHIA GAILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 12-0486-WS-C |
| ) | |
| MARENGO COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the Court on motions to dismiss filed by all five defendants. (Docs. 17, 19). The parties have filed briefs in support of their respective positions, (Docs. 18, 20, 26, 27), and the motions are ripe for resolution.

BACKGROUND

According to the amended complaint, (Doc. 16), Sheriff Richard Bates offered the plaintiff employment as chief deputy. The plaintiff advised Sheriff Bates that she had previously sued Marengo County, but he said he wanted to hire her anyway. When she arrived to fill out new hire paperwork, she was required to sign a release of future claims as a condition of obtaining employment. The plaintiff signed the release and reported for work, after quitting her existing employment. Once she began work, she was advised she would be a deputy but not chief deputy. She performed satisfactorily but was fired after about a year, allegedly in retaliation for her previous lawsuit.

The defendants are: (1) the Marengo County Sheriff's Department ("the Department"); (2) Marengo County ("the County");[1] (3) Marengo County

---

[1] The plaintiff "concedes that her claims against Marengo County are due to be dismissed." (Doc. 26 at 6).

[1]

Commissioners ("the Commissioners");[2] (4) Sheriff Bates; and (5) County Commissioner Freddy Armstead.[3] Count One asserts a claim against the Department for retaliation in violation of Title VII,[4] and Count Two asserts a claim against all defendants for fraud. (Doc. 16 at 1, 4-7). The defendants seek dismissal under Rules 12(b)(1) and 12(b)(6).

### DISCUSSION

A defendant bears at least the initial burden of demonstrating that it is entitled to dismissal under Rule 12(b)(6). *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010); *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004); *Continental Motors, Inc. v. Jewell Aircraft, Inc.*, ___ F. Supp. 2d ___, 2012 WL 3113136 at *12 n.26 (S.D. Ala. 2012). Likewise, on motion to dismiss "a party claiming immunity from suit bears the burden of proof." *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1295-96 (11th Cir. 2007).

### I. Title VII.

As noted, the only defendant under the Title VII claim is the Department, which objects that it is not an entity capable of being sued. (Doc. 20 at 4). The capacity of a sheriff's department to be sued "is determined … by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3); *accord Dean v. Barber*, 951 F.2d 1210, 1214 (11th

---

[2] The defendants construe this defendant as the Marengo County Commission ("the Commission"). This may be what the plaintiff intended, especially since the body of her amended complaint twice refers to the "Commission." (Doc. 16 at 5). However, it also continues to refer to this defendant as the "Commissioners." (*Id.*).

[3] The Court refers to the Commissioners and Armstead collectively as "the Commission defendants."

[4] Count One also asserts a cause of action under Section 1981 against all five defendants, but the plaintiff has withdrawn that claim. (Doc. 26 at 5-6). Count One invokes Section 1983, but not as a claim, only as a vehicle for raising her Section 1981 and Title VII claims. (Doc. 16 at 5).

Cir. 1992). "Under Alabama law, a county sheriff's department lacks the capacity to be sued." *Id*. at 1215 (citing *White v. Birchfield*, 582 So. 2d 1085, 1086 (Ala. 1991)); *accord Ex parte Haralson*, 853 So. 2d 928, 931 (Ala. 2003) ("It is clear under Alabama law that the sheriff's department is not a legal entity subject to suit."). The plaintiff offers no response. Accordingly, the Department is due to be dismissed.[5]

**II. Fraud.**

    **A. Commission Defendants.**

The amended complaint alleges that Sheriff Bates made the fraudulent representation that the plaintiff was being hired as chief deputy. (Doc. 16 at 3). As to the other defendants, the amended complaint alleges only that they "knew the representations that Plaintiff was being hired as the Chief Deputy were false." (*Id*. at 6). The Commission defendants argue this is insufficient to support a fraud claim against them. (Doc. 18 at 13). The plaintiff does not respond.

"The elements of a fraud action are … that the *defendant made* a false representation concerning a material fact …." *University Federal Credit Union v. Grayson*, 878 So. 2d 280, 286 (Ala. 2003) (emphasis added, internal quotes omitted). The amended complaint does not allege that Armstead or the Commissioners made any representation, nor does it assert any theory, such as agency or conspiracy, whereby they could be held responsible for a misrepresentation made by Sheriff Bates. Because the amended complaint does not allege against them all the elements of a fraud claim, Armstead and the Commissioners are entitled to dismissal.

---

[5] While Sheriff Bates concedes that the Title VII claim could be maintained against him in his official capacity, (Doc. 20 at 2; Doc. 27 at 2, 4), the amended complaint does not name him as a defendant to the Title VII claim. Since there is at present no defendant under the Title VII claim, the Court does not address the defendants' challenge to the adequacy of Count One's pleading of that claim.

### B. Sheriff Bates.

Sheriff Bates' only argument in opposition to the plaintiff's fraud claim is that suit against him is barred by the Alabama Constitution. (Doc. 20 at 15). "A sheriff is an executive officer of the State of Alabama, who is immune from suit under Article I, § 14, Alabama Constitution of 1901," subject to certain enumerated exceptions. *Parker v. Amerson*, 519 So. 2d 442, 442-43 (Ala. 1987); *accord LeFrere v. Quezado*, 582 F.3d 1260, 1265 (11th Cir. 2009) ("Sheriffs, as constitutional officers, have sovereign immunity under Alabama law because actions against them are viewed as actions against the State."). "The jurisdictional bar of § 14 simply precludes a court from exercising subject-matter jurisdiction over the State or a State agency." *Alabama Department of Corrections v. Montgomery County Commission*, 11 So. 3d 189, 191-92 (Ala. 2008) (internal quotes omitted).

However, "[t]here are four general categories of actions which … do not come within the prohibition of § 14: … (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently …." *Drummond Co. v. Alabama Department of Transportation*, 937 So. 2d 56, 58 (Ala. 2006) (internal quotes omitted). Both of the cases to which Sheriff Bates directs the Court's attention explicitly articulate this exception to Article 14 immunity. Nevertheless, and although Count Two expressly alleges fraudulent conduct by Sheriff Bates, he does not address this exception. Without doing so, he cannot obtain dismissal on grounds of state immunity.

### C. Abandonment.

In their joint reply brief, the defendants contend that the plaintiff "abandoned" her fraud claim by not addressing it in her responsive brief, obviating consideration of the merits of their motion to dismiss. (Doc. 27 at 2). They rely for this proposition on *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587 (11th Cir. 1995), and *Coalition for*

*the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301 (11th Cir. 2000) ("*CAMP*").

This Court has noted the issue of whether failure to respond to a motion to dismiss works an abandonment of any unaddressed claims, but without adopting a position. *See Mykins v. Alabama Department of Human Resources*, 2011 WL 4549181 at *4 n.9 (S.D. Ala. 2011); *L.S. v. T.W.*, 2011 WL 381808 at *1 (S.D. Ala. 2011). It now does so.

"[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004). This statement constitutes a holding. *Trustees of Central Pension Fund v. Wolf Crane Service, Inc.*, 374 F.3d 1035, 1039 (11th Cir. 2004).[6] What the defendants are suggesting is that the Court do under Rule 12 precisely what it is forbidden to do under Rule 56.

The *CAMP* Court ruled that "[t]he appellants' failure to brief and argue this issue during the proceedings before the district court is grounds for finding that the issue has been abandoned." 219 F.3d at 1326. The *Dunmar* Court stated that "grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." 43 F.3d at 599 (citing *Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994)).

This Court has addressed in a prior opinion the meaning and reach of *CAMP*, *Dunmar* and *Road Sprinkler*. *See Mariano v. Potter*, 2006 WL 907772 (S.D. Ala. 2006). In general, the Court in *Mariano* concluded that *CAMP* involved only a party's failure to raise an argument at trial, not on pretrial motion; that *Road Sprinkler* similarly involved only a party's failure to raise an argument on case-dispositive competing motions for summary judgment on stipulated facts (and was dicta in any event); that *Dunmar* cited

---

[6] Several unpublished Eleventh Circuit decisions have deemed plaintiffs to have "abandoned" claims by not responding to motions for summary judgment. *See Adkins v. Christie*, 2012 WL 4901733 at *1 (11th Cir. 2012); *Richards v. Cobb County*, 2012 WL 3601834 at *1 n.1 (11th Cir. 2012); *Floyd v. Home Depot U.S.A., Inc.*, 274 Fed. Appx. 763, 764-65 (11th Cir. 2008); *Edmondson v. Board of Trustees*, 258 Fed. Appx. 250, 253 (11th Cir. 2007); *McIntyre v. Eckerd Corp.*, 251 Fed. Appx. 621, 625-26 (11th Cir. 2007). None of these cases acknowledges *Real Property* or *Wolf Crane*, with which they appear to be in direct conflict.

*Road Sprinkler* only to support its ruling that a district court has no duty to raise arguments on a party's behalf; and that all three cases addressed the abandonment of arguments, not of claims. *Id*. at *9-10 & nn. 14-15. None of these cases, in the Court's view, support the proposition that a plaintiff may be deemed to have abandoned a claim that is the subject of a motion to dismiss simply because she did not respond to the defendant's argument directed to that claim.

There is but one known Eleventh Circuit case directly on point. In *Boyd v. Peet*, 2007 WL 646990 (N.D. Ga. 2007), the plaintiff brought four claims for relief. The defendants filed a motion for judgment on the pleadings as to all four, but the plaintiff "entirely failed to address [the due process and malicious prosecution claims] in his responsive brief." *Id*. at *2. The trial court, relying on *CAMP*, "conclude[d] that the plaintiff has abandoned his Due Process and malicious prosecution claims and that dismissal of those claims is appropriate." *Id*. On appeal, the Eleventh Circuit rejected this reasoning:

> As an initial matter, the district court dismissed Boyd's due process and malicious prosecution claims because it held that Boyd abandoned those claims by failing to address them in his response brief to the defendants' motion to dismiss. However, at the motion to dismiss stage, the scope of a court's review must be limited to the four corners of the complaint. [citation omitted] Accordingly, in considering the defendants' motion for judgment on the pleadings, the district court erred by going beyond the face of the complaint. Boyd did not abandon his due process and malicious prosecution claims by failing to adequately address them in his response brief.

*Boyd v. Peet*, 249 Fed. Appx. 155, 157 (11th Cir. 2007).

Under *Boyd*, the mere failure of a plaintiff to respond to a motion to dismiss (or a portion thereof) does not of itself authorize the Court to treat any unaddressed claim as abandoned and to grant the motion (or portion) on that basis, without consideration of the merits of the motion. This portion of *Boyd* is dicta, because the Eleventh Circuit affirmed the dismissal on other grounds. 249 Fed. Appx. at 158. Moreover, "[u]npublished opinions are not controlling authority and are persuasive only insofar as their legal

[6]

analysis warrants." *Bonilla v. Baker Concrete Construction, Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).  The Court finds *Boyd* persuasive but offers additional reasons for adopting its rule.

First, *Boyd* is consistent with the established rule that a district court cannot grant a motion for summary judgment simply because it has drawn no response but must address the merits of the motion.  The *Real Property* rule is not directly applicable to Rule 12, because it rests on language of Rule 56, not found in Rule 12, providing for entry of summary judgment absent a response from the nonmovant "if appropriate."  363 F.3d at 1101.[7]  However, employing a parallel rule in the Rule 12 context promotes the recognized "strong preference that cases be heard on the merits." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Second, and as the Seventh Circuit has noted, such failures to respond are inherently ambiguous and may reflect carelessness, or confidence in the motion's patent lack of merit, as easily as an intention to abandon the unaddressed claim.  *Bolt v. Loy*, 227 F.3d 854, 855-56 (7th Cir. 2000).  Deeming failures to respond to be abandonments overlooks these other explanations for silence even though the first is "[t]he likeliest" and the second is "encounter[ed] frequently." *Id*. at 856.  Thus, treating silence as abandonment fails to reliably reflect reality even as it rewards undeserving defendants with the grant of meritless motions to dismiss.

The rule adopted by the Court leaves intact the district courts' discretion not to raise arguments on behalf of a nonmovant, but without relieving the movant of its threshold obligation to carry its burden of demonstrating the motion's merit.  Moreover, the rule does not appear to undermine local rules in other Districts providing that "[f]ailure to file a response shall indicate that there is no opposition to the motion" or that

---

[7] Although the 2010 amendments altered the language of Rule 56, it remains true that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion …." Fed. R. Civ. P. 56 advisory committee notes, 2010 amendments, subdivision (e).

"[f]ailure to [file a response] may be deemed sufficient cause for granting the motion by default."[8]

The Court is aware that several sister Courts within the Circuit have invoked "abandonment" to dismiss claims on the grounds that the plaintiff's brief in opposition to a motion to dismiss did not address the defendant's attack on those particular claims.[9] Others have indicated that abandonment occurred but nevertheless have addressed the merits of the motion to dismiss.[10] These cases rely almost exclusively on *CAMP*, *Dunmar* and district court opinions relying on those cases and on each other. For reasons set forth above and in *Mariano*, the Court concludes that these precedents do not compel or even support abandonment by silence in the face of a motion to dismiss, and it further concludes that *Boyd* directly and *Real Property* indirectly undercut such a proposition. The Court therefore respectfully declines to follow its sister Courts.

In sum, until the Eleventh Circuit (or Supreme Court) speaks more clearly to the issue or a sister Court (or litigant) provides a more compelling rationale, the Court will not treat a claim as abandoned merely because the plaintiff has not defended it in

---

[8] N.D. Ga. L.R. 7.1(B); S.D. Fla. L.R. 7.1(c). The Eleventh Circuit has indicated that reliance on such rules is permissible. *Magluta v. Samples*, 162 F.3d 662, 664-65 (11th Cir. 1998) (noting that the district court "could have dismissed the action under this rule [Local Rule 7.1(B)]"). *But see World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) (dismissal for failure to comply with local rules must satisfy Rule 41(b)); *Rex v. Monaco Coach*, 155 Fed. Appx. 485, 485-86 (11th Cir. 2005) ("an untimely filing of a response to a motion to dismiss [in violation of Local Rule 7.1(c)] is, by itself, an insufficient ground for a dismissal with prejudice," which requires satisfaction of Rule 41(b)).

[9] *E.g., United States ex rel. Osheroff v. Tenet Healthcare Corp.*, 2012 WL 2871264 at *9 (S.D. Fla. 2012); *Humphrey v. City of Headland*, 2012 WL 2568206 at *2 (M.D. Ala. 2012); *Evans v. Jefferson County Commission*, 2012 WL 1745610 at *11 (N.D. Ala. 2012); *Brown v. J.P. Turner & Co.*, 2011 WL 1882522 at *5 (N.D. Ga. 2011); *Phan v. Accredited Home Lenders Holding Co.*, 2010 WL 168013 at *5 (M.D. Fla. 2010); *Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007).

[10] *E.g., Morris v. Automobile Insurance Co.*, 2012 WL 3637624 at *3 n.1 (N.D. Ala. 2012); *Kirkland v. County Commission*, 2009 WL 596538 at *2 (M.D. Ala. 2009); *Northern Assurance Co. v. Bayside Marine Construction, Inc.*, 2009 WL 151023 at *3 (S.D. Ala. 2009).

opposition to a motion to dismiss.[11]  Instead, the Court will review the merits of the defendant's position and, if it is clearly incorrect or inadequate to satisfy the defendant's initial burden, will deny the motion despite the plaintiff's failure to respond.  If, however, the defendant's presentation is adequate to satisfy its initial burden, the Court will not deny the motion based on arguments the plaintiff could have made but by silence elected not to raise.[12]

The Commission defendants' challenge to the plaintiff's fraud claim has facial merit, and the Court will not on behalf of the plaintiff seek ways to deny their motion.  Sheriff Bates' challenge to the fraud claim, however, is flawed based on his own authorities.  This prevents him from satisfying his initial burden on motion to dismiss, and the plaintiff's failure to respond does not excuse his failure to meet his burden.

**CONCLUSION**

For the reasons set forth above, the motions to dismiss as to the Department, the County, the Commissioners and Freddy Armstead are **granted**.  These defendants, and the claims against them, are **dismissed**.  The motion to dismiss as to Sheriff Bates is **denied**.

DONE and ORDERED this 4th day of January, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[11] The Court will of course treat such a claim as abandoned if the plaintiff has clearly manifested an intention to abandon it, as by express withdrawal or by a statement she is unopposed to the defendant's motion.

[12]  A plaintiff that fails to address a claim challenged by a defendant does so at its peril, both because the Court may not detect defects in the defendant's position that would prevent it from meeting its initial burden and because, once that burden is satisfied, the Court will not on its own raise arguments to counter the defendant's case.