# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| NIKISHIA GAILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0486-WS-C |
| | ) |
| MARENGO COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of defendant Sheriff Richard Bates for summary judgment. (Doc. 38). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 39-41, 44-46), and the motion is ripe for resolution.

According to the amended complaint, (Doc. 16), Sheriff Bates offered the plaintiff employment as chief deputy. The plaintiff advised Sheriff Bates that she had previously sued Marengo County, but he said he wanted to hire her anyway. When she arrived to fill out new-hire paperwork, she was required to sign a release of future claims as a condition of obtaining employment. The plaintiff signed the release and reported for work, after quitting her existing employment. Once she began work, she was advised she would be a deputy but not chief deputy. She performed satisfactorily but was fired after about a year.

The amended complaint names five defendants and asserts two claims but, after rulings on motions to dismiss, only Sheriff Bates remains, and only as to the

plaintiff's claim for fraud under Alabama law. (Doc. 28).[1] He is sued in both his official and individual capacities.

Sheriff Bates argues that he is fully protected by state immunity under Section 14 of the Alabama Constitution. He argues as well that the plaintiff cannot establish several elements of her claim for fraud.

As set forth in the Court's previous order, "[a] sheriff is an executive officer of the State of Alabama, who is immune from suit under Article I, § 14, Alabama Constitution of 1901," subject to certain enumerated exceptions. *Parker v. Amerson*, 519 So. 2d 442, 442-43 (Ala. 1987); *accord LeFrere v. Quezado*, 582 F.3d 1260, 1265 (11th Cir. 2009) ("Sheriffs, as constitutional officers, have sovereign immunity under Alabama law because actions against them are viewed as actions against the State."). "The jurisdictional bar of § 14 simply precludes a court from exercising subject-matter jurisdiction over the State or a State agency." *Alabama Department of Corrections v. Montgomery County Commission*, 11 So. 3d 189, 191-92 (Ala. 2008) (internal quotes omitted).

There are certain exceptions to Section 14 immunity, including "actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently …." *Drummond Co. v. Alabama Department of Transportation*, 937 So. 2d 56, 58 (Ala. 2006) (internal quotes omitted). This is the only exception that the plaintiff asserts is in play, (Doc. 44 at 8-9), and it is plain that no others could be.

The Alabama Supreme Court recently has "restate[d] the sixth 'exception' to the bar of State immunity under § 14." *Ex parte Moulton*, 116 So. 3d 1119, 1141 (Ala. 2013). As clarified, the exception reads as follows:

> (6)(a) actions for injunction brought against State officials in their representative capacity where it is alleged that they had acted fraudulently, in bad faith, beyond their authority, or in a mistaken interpretation of law, [citation omitted], and (b) actions for damages brought against State

---

[1] *Gailes v. Marengo County Sheriff's Department*, 916 F. Supp. 2d 1238 (S.D. Ala. 2013).

2

officials in their individual capacity where it is alleged that they had acted fraudulently, in bad faith, beyond their authority, or in a mistaken interpretation of law, subject to the limitation that the action not be, in effect, one against the State.

*Id*.

"A suit against a sheriff essentially [is] a suit against the state." *Fowler v. Johnson*, 961 So. 2d 122, 134 (Ala. 2006) (internal quotes omitted). Thus, while a sheriff acting fraudulently is subject to injunctive relief in his official capacity under exception 6(a), he is not subject to damages in any capacity under exception 6(b). *Id*. The only injunctive relief demanded by the amended complaint is an injunction against violations of Title VII and Section 1983, not an injunction against acting fraudulently. (Doc. 16 at 7). Thus, the plaintiff falls outside both exception 6(a) and exception 6(b).

In order to obtain the benefit of constitutional immunity, a sheriff bears the initial burden of presenting a prima facie case that the conduct complained of occurred within the line and scope of his employment as a sheriff. *Ex parte Fielding*, 86 So. 3d 354, 358 (Ala. 2011). The plaintiff challenges the conduct of Sheriff Bates in making an employment decision concerning a deputy sheriff, and the Alabama Supreme Court has recognized such conduct as falling within the line and scope of a sheriff's employment. *Fowler v. Johnson*, 961 So. 2d 122, 125 (Ala. 2006); *Ex parte Woodward*, 859 So. 2d 425, 425-27 (Ala. 2003).

The burden thus falls on the plaintiff "to present substantial evidence creating a genuine issue of material fact as to whether [Sheriff Bates] was acting within the line and scope of his employment … at the time of the incident." *Ex parte Fielding*, 86 So. 3d at 358. The plaintiff has made no effort to meet this burden. Accordingly, Sheriff Bates remains cloaked with immunity.

Because Sheriff Bates enjoys complete immunity from the plaintiff's fraud claim, the Court does not consider his alternative argument that the plaintiff cannot establish certain elements of that claim.

For the reasons set forth above, Sheriff Bates' motion for summary judgment is **granted**. This action as to Sheriff Bates is **dismissed with prejudice**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 30th day of October, 2013.

<u>s/ WILLIAM H. STEELE</u>
CHIEF UNITED STATES DISTRICT JUDGE